IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

AMBER HARPER,

    Plaintiff,

vs.

    NO. CT-1553-19
    DIVISION IX
    JURY DEMANDED

RAYMUNDO RIOS, and
ERIVES ENTERPRISES, INC.,

    Defendants.

FILED APR -9 2019 CIRCUIT COURT CLERK BY ___ D.C.

## COMPLAINT

COMES NOW the Plaintiff, Amber Harper, by and through her counsel of record, John Michael Bailey Injury Lawyers®, and files her Complaint for her cause of action against the Defendants, Raymundo Rios, and Erives Enterprises, Inc. for damages, and would state as follows, to wit:

### JURISDICTION AND VENUE

1. That the Plaintiff, Amber Harper (hereinafter referred to as "Harper"), is an adult resident of Memphis, Shelby County, Tennessee.

2. The Defendant, Raymundo Rios, (hereinafter referred to as "Rios") upon information and belief, is an international driver and whose residence is unknown, may be reached for service of process by this Honorable Court through the Secretary of State, 312 Rosa L. Parks Avenue, 8th Floor, Snodgrass Tower, Nashville, Tennessee 37243; and/or through his employer located at 7180 Chino Drive, El Paso, Texas 79915.



EXHIBIT A

1

3. The Defendant, Erives Enterprises, Inc. (hereinafter referred to as "Erives") upon information and belief, is a domestic or foreign corporation doing business in Tennessee and the registered agent for service of process is not on file with the Tennessee Secretary of State. Pursuant to T.C.A. § 48-15-104, this Complaint is thus served on the Tennessee Secretary of State as the agent for service of process after Plaintiff has been unable, through reasonable diligence, to find an agent for service of process at 312 Rosa L. Parks Avenue, 8th Floor, Snodgrass Tower, Nashville, Tennessee 37243. The last known address for Erives Enterprises, Inc. is 7180 Chino Drive, El Paso, Texas 79915

4. At all times material hereto, Defendants, Raymundo Rios, and Erives Enterprises, Inc. acted as either a motor contract carrier of property through the State of Tennessee or as a motor common carrier of property through the State of Tennessee or as a common carrier of property through the State of Tennessee pursuant to one or more permits to operate as a motor carrier issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or by both.

5. At all times material hereto, Defendants, Raymundo Rios and Erives Enterprises, Inc. was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations.

6. At all times material hereto, Defendant Rios was operating a commercial motor vehicle and trailer owned by Defendant Erives.

7. Venue is proper in this Court as the cause of action which is the basis for this tort arose in Shelby County, Tennessee. See Tenn. Code. Ann. §20-4-101(a).

8. This Court has subject matter jurisdiction over this action pursuant to Tennessee Code Annotated section 16-10-101.

## FACTS

9. All preceding statements of the complaint are incorporated herein and re-alleged as if expressly set forth herein.

10. On or about May 28, 2018, at approximately 4:18 p.m., Plaintiff Harper was driving a 2009 Nissan Rogue bearing license plate 7J84U0 and was headed eastbound on Interstate 40 near Warford Street in Shelby County, Tennessee.

11. On the same date and at the same time, Defendant Rios was operating a 2014 Freightliner tractor-trailer, owned by Erives and bearing Texas license plate number R358646 and driving eastbound on Interstate 40 near Warford Street in Shelby County, Tennessee.

12. Defendant Rios merged from the middle lane to the far right lane and struck with his right rear, the left side of Plaintiff Harper's vehicle. Plaintiff Harper's vehicle then lost control and struck a stranded motorist, Keondra Clear which was facing east on the right shoulder.

13. Defendant Rios's actions and omissions constitute negligence, and such negligence is the direct and proximate cause of the collision, then and thereby, seriously, painfully, and permanently injuring Plaintiff, Harper.

3




14. Defendant Rios was acting as an agent/servant and/or employee of Erives; Erives is liable under *respondeat superior*, master/servant, and/or agency.

15. Defendant Erives had a duty to train Defendant Rios was capable of safely operating the tractor-trailer before allowing him to drive.

16. Defendant Erives had a duty to train Defendant Rios to maintain the tractor-trailer to ensure its safe operation before allowing the tractor-trailer to be driven.

17. There was no act of Plaintiff Harper which contributed to the wreck.

18. There was no failure to act of Plaintiff Harper which contributed to the wreck.

4

19. The acts, and omissions of all Defendants herein constitute negligence per se, violation of Statutes and public policy and since Plaintiff is in the class of persons sought to be protected, such negligent acts and/or omissions constitute negligence per se.

20. Plaintiff Harper was grievously and permanently injured as a result of the wreck.

## COUNT I

## NEGLIGENCE OF RAYMUNDO RIOS

21. All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth verbatim.

22. At the time of the wreck, Defendant Rios failed to exercise due care by disregarding the actual and potential hazards then existing.

23. The tractor-trailer driven by Defendant Rios was driven with the permission and at the direction of Defendants Erives.

24. The tractor-trailer driven by Defendant Rios was driven in the course and scope of his employment with the business of Defendant Rios.

25. Plaintiff would show, before a full investigation has been made, that at the time of this wreck, Defendant Rios was grossly and generally negligent under the circumstances then and there existing, in that he failed to exercise due care by:

    a. driving the tractor-trailer carelessly;

    b. failing to keep his tractor-trailer under control;

    c. filing to keep a proper lookout;

    d. failing to operate his tractor-trailer in a safe and prudent manner in view of the conditions which existed at the time of the wreck;

    e. failing to timely apply his brakes, alter direction of travel, or take

      any other appropriate action when he, by the exercise of due and reasonable care, should have foreseen the outcome of his actions;

    f. failing to operate his tractor-trailer in a safe and prudent manner in view of the conditions which existed at the time of the wreck;

    g. failing to keep a safe and reasonable distance between his tractor-trailer and other vehicles on the roadway;

    h. distracted driving; and

    i. such other actions or inactions that may be shown at the trial of this case.

26. Defendants' negligence proximately caused the wreck with Ms. Harper's vehicle and resulting damages and injuries.

27. At the time and place of this accident, Defendant Rios was negligent *per se* in that he was violating one or more of the statutes of the State of Tennessee, to include but not be limited to:

    a. T.C.A. §55-8-103    Required obedience to traffic laws

    b. T.C.A. §55-8-123    Driving on roadways laned for traffic

    c. T.C.A. §55-8-136    Drivers to exercise due care

28. At all times relevant to this case of action, Defendant Rios was subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §§ 301-399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.20 and pursuant to T.C.A. §65-2-102.

36. Defendant Rios's negligence, solely or combined and concurring with the negligent acts of the other Defendant, proximately caused the wreck with Ms. Harper's vehicle and resulting damages and injuries to Ms. Harper.

## COUNT II

## NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, SUPERVISION, RETENTION AND MAINTENANCE – ERIVES TRANSPORTATION, INC.

37. All preceding statement of the complaint are incorporated herein and realleged as if expressly set forth verbatim.

38. At all times relevant to this cause of action, the Defendants were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §§ 301-399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.20 and pursuant to T.C.A. §65-2-102.

39. Defendant Erives was required to teach and train Defendant Rios so that he was able to understand and obey the rules and regulations contained in the FMCSR.

40. In order to put the matter at issue, Plaintiff alleges that Erives was negligent, and grossly negligent, as set forth in this complaint.

41. That Erives was negligent, and grossly negligent, in:

    a. hiring and/or contracting with Defendant Rios to drive the tractor-trailer at issue;

    b. training of Defendant Rios in the inspection and/or maintenance of the tractor-trailer;

    c. failing to supervise Defendant Rios while driving the tractor-trailer;

    d. failing to maintain the tractor-trailer at issue;

    e. failing to train Defendant Rios to properly drive the tractor-trailer;

    f.    entrusting Defendant Rios with the tractor-trailer;

    g.    retaining Defendant Rios to drive the tractor-trailer;

    h.    failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Rios; and

    i.    failure to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

42.    Defendant Erives, through its agents and employees, knew, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

    a.    The risks associated with unsafe drivers,

    b.    The risks associated with failing to train drivers to obey the FMCSR,

    c.    The risks associated with failing to have adequate risk management policies and procedures in place,

    d.    Failing to have policies and procedures in place to identify undertrained and unqualified drivers,

    e.    Failing to identify from prior wrecks, similar to the one in question, a root cause and implement policies, procedures, protocols and practices to effectively reduce or eliminate the risk prior to the wreck in the question.

    f.    Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above,

    g.    Failing to appropriately implement and enforce risk management policies and procedures to reduce and eliminate to risks described above,

    h.    Failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Rios once he was hired,

      i.      Failing to implement and follow a written safety plan.

      j.      Failing to protect the members of the public, such as the Plaintiff, from the risks described above.

43. At all times relevant hereto, Defendant Erives was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency statutory employment as set forth in the FMCSR, or similar theory of law.

44. Defendant Erives negligence, either solely or combined and concurring with the negligent acts of the other Defendant, was a proximate cause of the injuries sustained by Mr. Harper.

## COUNT III

## DAMAGES

45. All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth herein.

46. As set forth more fully above, each of the Defendants acted in a willful, wanton and reckless manner which either along, or combined and concurring with the actions of the other Defendant's acts of negligence, directly and proximately caused the wreck and Plaintiff to suffer personal injuries and damages including but not limited to:

(a) Ventral hernia without obstruction, umbilical hernia, sprain of ligaments of cervical spine, strain of muscle, fascia and tendon at neck level, sprain of ligaments of thoracic spine, strain of muscle and tendon of back wall of thorax, contusion of abdominal wall, sprain of right shoulder joint, sprain of right rotator cuff capsule, strain of other muscles, fascia and tendons at shoulder and upper arm level, right arm, contusion of right knee, contusion of right thigh;

9

(b)  Physical and mental injury;

(c)  Great physical pain and suffering;

(d)  Temporary and permanent physical impairment;

(e)  Reasonably necessary medical expenses, past, present and future;

(f)  Past, present and future loss of wages and income;

(g)  Loss of enjoyment of the normal everyday pleasures of life; and

(h)  Emotional distress.

47. As a result of the Defendant's negligence, and gross negligence, Ms. Harper is entitled to recover damages for her past, present, and future economic and non-economic losses to the full extent allowed by the laws of the State of Tennessee. That the negligence of the Defendants herein is so willful, so wanton, and so reckless as to justify the imposition of punitive, exemplary damages in this case.

**WHEREFORE,** Plaintiff demands judgment against the Defendants as follows:

a. that Defendants be served with summons, process, and a copy of this Complaint, and be required to Answer as provided by law;

b. that this matter be tried before a jury of twelve (12);

c. that upon the Trial of this cause the Plaintiff be awarded her actual and compensatory damages in an amount a jury believes to be just, fair, and equitable for special and general damages, to include but not be limited to bodily injury, medical expenses, pain and suffering, and other related economic and non-economic damages to the full extent allowed by law and in an amount not to exceed ONE MILLION DOLLARS;

d.  that upon the Trial of this cause the Plaintiff be awarded punitive exemplary damages for the willful wanton and reckless conduct of the Defendants herein not only to punish these Defendants for such conduct but also to act as a deterrent to others who may be inclined to act in a manner such as these Defendants, in an amount a jury believes to be just, fair, and equitable and to the fullest extent allowed by law;

e.  that the Court award discretionary costs and the costs of litigation and expenses; and

f.  for all such further and general relief which this Court deems just and proper.

Respectfully Submitted.

**JOHN MICHAEL BAILEY INJURY LAWYERS**

JOHN MICHAEL BAILEY (TN #6941)
Attorneys for Plaintiff
5978 Knight Arnold Road
Suite 400
Memphis, TN 38115
901-529-1111
901-529-1017 – fax